**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 1, 2005

Before

HON. TERENCE T. EVANS, *Circuit Judge*

HON. ANN CLAIRE WILLIAMS, *Circuit Judge*

HON. DIANE S. SYKES, *Circuit Judge*

No. 02-4146

| | |
|---|---|
| United States of America,<br>　　　　　*Plaintiff-Appellee,*<br><br>　　　v.<br><br>Michael Imperl,<br>　　　　　*Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 01 CR 140<br><br>Lynn Adelman,<br>*Judge.* |

**O R D E R**

After concluding that the district court had correctly calculated the applicable range under the United States Sentencing Guidelines, we ordered a limited remand so that the district court could determine whether Michael Imperl's sentence remains appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that he would impose the same sentence today knowing that the Guidelines are not mandatory. Therefore, "we will affirm the original sentence against [Imperl's] plain error challenge provided the sentence is reasonable, the standard of review prescribed by *Booker*, 125 S. Ct. at 765." *Paladino*, 401 F.3d at 484.

On June 13, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. We have received each party's submission.

Imperl contends again that his sentence was improper under *Booker* because the findings of fact upon which sentences are imposed must be found by juries, not judges, and that his sentence was reimposed largely based upon judge-found facts. He asks that we vacate his sentence and remand for resentencing. Imperl's argument has no merit. *Booker* recognized that the Sixth Amendment is violated when a sentencing judge imposes an enhanced sentence under the United States Sentencing Guidelines based on a sentencing judge's determination of a fact (other than a fact of prior conviction) neither found by a jury nor admitted by the defendant. *See Booker*, 125 S. Ct. at 756. The remedy for such a violation lies not in a new trial or a resentencing based on only jury-found or defendant-admitted facts, however. Rather, the Supreme Court held that excision of two provisions of the Sentencing Reform Act, 18 U.S.C. § § 3553(b)(1) and 3742(e), thereby making the Guidelines advisory, constituted the proper remedy. *Id.* at 756-57.

The Guidelines sentencing range applicable here is 46 to 57 months. Imperl's 46 month sentence lies at the low end of this range. On remand, the district court judge provided a thorough, nine-page memorandum detailing why he believed a 46 month sentence was still appropriate even with the knowledge that the Guidelines are only advisory. We have considered the defendant's circumstances and the district court's reasoning, and we do not believe the 46 month sentence should be deemed "unreasonable." Accordingly, the judgment of the district court is AFFIRMED.